

**GEORGIA M. PESTANA**
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK , NEW YORK 10007

Amy Robinson
*Senior Counsel*
arobinso@law.nyc.gov
Phone:  (212) 356-3518
Fax:  (212) 356-1148

November 21, 2021

**Via ECF**
Honorable Cheryl L. Pollack
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza
Brooklyn, New York 11201

      In Re:  *Adam Azbel-Bedell v. City of New York, et al.*
             21 Civ. 4961 (FB) (CLP)

Your Honor:

      I am Senior Counsel in the Office of Georgia M. Pestana, Corporation Counsel of the City of New York.  Defendants submit this letter motion for a *nunc pro tunc* extension of time to answer or otherwise reply to the Complaint in this matter from September 18, 2021, to January 18, 2021.

      Because no motion for default judgment has been filed in this matter, this request should be treated as a request for an extension of time to answer pursuant to Rule 6(b) of the Federal Rules of Civil Procedure. See Olivieri v. Waldbaum, Inc., 2014 U.S. Dist. LEXIS 66406, at *2 (E.D.N.Y. 2014), citing Alli v. Steward-Bowden, 2012 U.S. Dist. LEXIS 122996 (S.D.N.Y. 2012) (finding that a late answer filed prior to default being entered was appropriately analyzed filed under Rule 6). Pursuant to Rule 6(b)(l)(B), the Court may, for good cause, extend the time to answer on motion made after the time has expired if the party failed to act because of excusable neglect. "Good cause is usually not difficult to show, and: an application for the enlargement of time under Rule 6(b)(l) normally will be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party." Rankin v. City of Niagara Falls, 293 F.R.D. 375, 390 (W.D.N.Y. 2013) (internal quotation marks and citation omitted), aff'd 569 F. App'x 25, 2014 U.S. App. LEXIS 10903 (2d Cir. 2014). Indeed, "the Second Circuit 'has expressed on numerous occasions its preference that litigation disputes be resolved on the merits, not by default.'" Luo v. Baldwin Union Free Sch. Dist., No. 12-CV-3073(JS)(AKT), 2014 U.S. Dist. LEXIS 112086, at *8 (E.D.N.Y. 2014)  (citations  omitted). "There is no question but that dismissal of a pleading is the most drastic sanction [... ]." Flaks v. Koegel, 504 F.2d 702, 708 (2d Cir. 1974).

      Further, when a party requests an extension after the deadline has past, that party must also demonstrate that "the party failed to act because of excusable neglect." Rule 6(b)(1)(B); see also Richard v. N.Y. City Dep't of Educ., 2017 U.S. Dist. LEXIS 207712, at *4 (E.D.N.Y. 2017).

Excusable neglect "is a somewhat elastic concept and is not limited strictly to omissions caused by circumstances beyond the control of the movant," and "may extend to inadvertent delays." Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd., 507 U.S. 380, 392 (1993) (quotation marks omitted).

      Defendants' failure to answer the Complaint in this matter was due to an internal mistake in routing this case to the proper division within the Law Department. The case was initially routed to our Tort Division without knowledge that the this is a protest case, which is handled in another division within the Law Department. Currently, there is such a large volume of protest cases, that this mistake occasionally occurs. It was due to this error that the Complaint was not answered. Importantly, there was no bad faith on the part of the defendants; the delay was due to error. Thus, defendant's failure to answer the Complaint was an unfortunate oversight amounting to excusable neglect causing an inadvertent delay. As such, good cause exists for an extension of time as there is no bad faith on defendants' part. Moreover, there is no prejudice to plaintiff as plaintiff has agreed to this extension, albeit with a various conditions, which defendants reject as they would require needless discussions back and forth among the parties further delaying the filing of the Answer in this matter.

      In sum, it was simply by accident that the Complaint was not answered. Despite this oversight, defendants hope that the Court will recognize that defendants have not engaged in any bad faith or any practices that would indicate that this action should not be resolved on the merits. Defendants apologize to the Court for this oversight, and it is the undersigned's understanding that the condition, which causes this mistake, is being addressed internally within the Law Department. Defendants are therefore hopeful that the Court will *nunc pro tunc* extend their time to answer the Complaint to January 18, 2022. This is defendants' first request for a *nunc pro tunc* extension of time to answer the Complaint. Plaintiff's tying various conditions to their consent renders his consent null.

      Thank you for your consideration herein.

      Respectfully submitted,

      *Amy Robinson*_____
      AMY ROBINSON
      *Senior Counsel*
      Special Federal Litigation Division

.