UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X

ADAM AZDELL-BEDELL

                                Plaintiff,                    **ANSWER TO THE FIRST AMENDED COMPLAINT**
                                                                               21-CV-4961 (FB) (CLP)

       -against-

THE CITY OF NEW YORK, MAYOR BILL DE BLASIO, NEW YORK CITY POLICE DEPARTMENT ("NYPD") COMMISIONER DERMOT SHEA, NYPD CHIEF OF DEPARTMENT TERRANCE MONAHAN, NYPD OFFICER AARON HUSBANDS, AND NYPD MEMBERS JOHN DOES 1-2,

                               Defendants.
-------------------------------------------------------------------------------X

       Defendants City, Bill de Blasio, Dermot Shea, Terance Monahan and Aaron Husbands, by their attorney, the Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, for their answer to the First Amended Complaint, respectfully allege, upon information and belief, as follows:

1. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "1" of the first amended complaint.

2. Deny the allegations set forth in paragraph "2" of the first amended complaint.

3. Deny the allegations set forth in paragraph "3" of the first amended complaint, except admit that plaintiffs purport to proceed as stated therein and that defendant de Blasio was the Mayor of New York City.

4. Deny the allegations set forth in paragraph "4" of the first amended complaint, except admit that plaintiffs purport to proceed as stated therein and admit that defendant Shea was the Commissioner of the NYPD.

5. Deny the allegations set forth in paragraph "5" of the first amended complaint, except admit that plaintiffs purport to proceed as stated therein and admit that defendant Monahan was the Chief of Department of the NYPD.

6. Deny the allegations set forth in paragraph "6" of the first amended complaint.

7. Deny the allegations set forth in paragraph "7" of the first amended complaint.

8. Deny the allegations set forth in paragraph "8" of the first amended complaint.

9. Deny the allegations set forth in paragraph "9" of the first amended complaint.

10. Deny the allegations set forth in paragraph "10" of the first amended complaint.

11. Deny the allegations set forth in paragraph "11" of the first amended complaint.

12. Deny the allegations set forth in paragraph "12" of the first amended complaint.

13. Deny the allegations set forth in paragraph "13" of the first amended complaint.

14. Deny the allegations set forth in paragraph "14" of the first amended complaint.

15. Deny the allegations set forth in paragraph "15" of the first amended complaint.

16. Deny the allegations set forth in paragraph "16" of the first amended complaint.

17. Deny the allegations set forth in paragraph "17" of the first amended complaint, except admit that plaintiffs purport to invoke the Court's jurisdiction as stated therein.

18. Deny the allegations set forth in paragraph "18" of the first amended complaint, except admit that plaintiffs purport to invoke the Court's jurisdiction as stated therein.

19. Deny the allegations set forth in paragraph "19" of the first amended complaint.

20. Deny the allegations set forth in paragraph "20" of the first amended complaint.

21. Deny the allegations set forth in paragraph "21" of the first amended complaint.

22. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the first amended complaint.

23. Deny the allegations set forth in paragraph "23" of the first amended complaint.

24. Deny the allegations set forth in paragraph "24" of the first amended complaint.

25. Deny the allegations set forth in paragraph "25" of the first amended complaint.

26. Deny the allegations set forth in paragraph "26" of the first amended complaint.

27. Deny the allegations set forth in paragraph "27" of the first amended complaint except admit that defendant de Blasio was mayor of the City of New York at all times relevant in the first amended complaint, defendant Shea was Commissioner of the NYPD, and defendant Monahan was Chief of Department of the NYPD at all times relevant in the first amended complaint.

28. Deny the allegations set forth in paragraph "28" of the first amended complaint.

29. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the first amended complaint.

30. Deny and respectfully refer the Court to the cited report, New York State, Office of the Attorney General, POLICE USE OF FORCE IN NEW YORK CITY: FINDINGS AND RECOMMENDATIONS ON NYPD'S POLICIES AND PRACTICES (July, 2020), available at: https://ag.ny.gov/sites/default/files/2020-nypd-report.pdf (hereinafter "NYPD-AG Report"), for its full content and context.

31. Deny the allegations set forth in paragraph "31" of the first amended complaint.

32. Deny and respectfully refer the Court to the cited report, New York City Dept. of Investigation, Office of the Inspector General for the NYPD (OIG-NYPD), POLICE USE OF FORCE IN NEW YORK CITY: FINDINGS AND RECOMMENDATIONS ON NYPD'S

    POLICIES AND PRACTICES (Oct. 1, 2015), available at: https://www1.nyc.gov/assets/doi/reports/pdf/2015/2015-10-01-Pr_uofrpt.pdf (hereinafter "NYPD-OIG Report") and NEW YORK CITY LAW DEPARTMENT, CORPORATION COUNSEL REPORT PURSUANT TO EXECUTIVE ORDER 58 (JUNE 20, 2020) DIRECTING AN ANALYSIS OF FACTORS IMPACTING THE GEORGE FLOYD PROTESTS IN NEW YORK CITY (2020), available at: https://www1.nyc.gov/assets/law/downloads/pdf/ProtestReport-np.pdf, (hereinafter, "Corporation Counsel Report"), for its full and accurate content and context.

33. Deny and respectfully refer the Court to the cited cases for their full content and context.

34. Deny and respectfully refer the Court to the cited cases for their full content and context.

35. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "35" of the first amended complaint.

36. Deny the allegations set forth in paragraph "36" of the first amended complaint in so far as it contains averments of fact; insofar as this paragraph contains conclusion of law, no response is required.

37. Deny the allegations set forth in paragraph "37" of the first amended complaint.

38. Deny the allegations set forth in paragraph "38" of the first amended complaint.

39. Deny the allegations set forth in paragraph "39" of the first amended complaint.

40. Deny the allegations set forth in paragraph "40" of the first amended complaint.

41. Deny the allegations set forth in paragraph "41" of the first amended complaint.

42. Deny the allegations set forth in paragraph "42" of the first amended complaint.

43. Deny the allegations set forth in paragraph "43" of the first amended complaint.

44. Deny the allegations set forth in paragraph "44" of the first amended complaint.

45. Deny the allegations set forth in paragraph "45" of the first amended complaint.

46. Deny the allegations set forth in paragraph "46" of the first amended complaint.

47. Deny the allegations set forth in paragraph "47" of the first amended complaint.

48. Deny the allegations set forth in paragraph "48" of the first amended complaint.

49. Deny the allegations set forth in paragraph "49" of the first amended complaint.

50. Deny the allegations set forth in paragraph "50" of the first amended complaint.

51. Deny the allegations set forth in paragraph "51" of the first amended complaint.

52. Deny the allegations set forth in paragraph "52" of the first amended complaint.

53. Deny the allegations set forth in paragraph "53" of the first amended complaint.

54. Deny the allegations set forth in paragraph "54" of the first amended complaint.

55. Deny the allegations set forth in paragraph "55" of the first amended complaint.

56. Deny the allegations set forth in paragraph "56" of the first amended complaint, except admit that Plaintiff was arrested and provided a summons.

57. Deny and respectfully refer the Court to the cited letter for its full content and context.

58. Deny the allegations set forth in paragraph "58" of the first amended complaint.

59. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "59" of the first amended complaint.

60. Deny the allegations set forth in paragraph "60" of the first amended complaint.

61. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "61" of the first amended complaint.

62. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "62" of the first amended complaint.

63. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "63" of the first amended complaint.

64. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "64" of the first amended complaint.

65. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "65" of the first amended complaint.

66. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "66" of the first amended complaint.

67. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "67" and respectfully refer the Court to the cited cases for their full content and context.

68. Deny the allegations set forth in paragraph "68" of the first amended complaint.

69. Deny the allegations set forth in paragraph "69" of the first amended complaint.

70. Deny the allegations set forth in paragraph "70 " of the first amended complaint and respectfully refer the Court to the cited report for its full content and context.

71. Deny the allegations set forth in paragraph "71 " of the first amended complaint and respectfully refer the Court to the cited report for its full content and context.

72. Deny the allegations set forth in paragraph "72" of the first amended complaint and respectfully refer the Court to the cited report for its full content and context.

73. Deny the allegations set forth in paragraph "73" of the first amended complaint and respectfully refer the Court to the cited report for its full content and context.

74. Deny the allegations set forth in paragraph "74" of the first amended complaint.

75. Deny the allegations set forth in paragraph "75" of the first amended complaint except admit that the City has been sued in the past.

76. Deny the allegations set forth in paragraph "76" of the first amended complaint and respectfully refer the Court to the cited cases for their full content and context.

77. Deny the allegations set forth in paragraph "77" of the first amended complaint.

78. Deny the allegations set forth in paragraph "78" of the first amended complaint.

79. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "79" of the first amended complaint.

80. Deny the allegations set forth in paragraph "80" of the first amended complaint.

81. Deny the allegations set forth in paragraph "81" of the first amended complaint.

82. Deny the allegations set forth in paragraph "82" of the first amended complaint.

83. Deny the allegations set forth in paragraph "83" of the first amended complaint.

84. Deny the allegations set forth in paragraph "84" of the first amended complaint.

85. Deny the allegations set forth in paragraph "85" of the first amended complaint.

86. Deny the allegations set forth in paragraph "86" of the first amended complaint.

87. Deny the allegations set forth in paragraph "87" of the first amended complaint.

88. Deny the allegations set forth in paragraph "88" of the first amended complaint.

89. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "89" of the first amended complaint, except admit that the Strategic Response Group was promulgated in 2015.

90. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "90" of the first amended complaint.

91. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "91" of the first amended complaint, and refer the Court to the full content and comments of remarks made by former Commissioner O'Neill.

92. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "92" of the first amended complaint.

93. Deny the allegations set forth in paragraph "93" of the first amended complaint and respectfully refer the Court to the cited article for its full content and context.

94. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "94" of the first amended complaint.

95. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "95" of the first amended complaint.

96. Deny the allegations set forth in paragraph "96" of the first amended complaint.

97. Deny the allegations set forth in paragraph "97" of the first amended complaint and respectfully refer the Court to the cited article for its full content and context.

98. Deny the allegations set forth in paragraph "98" of the first amended complaint.

99. Deny the allegations set forth in paragraph "99" of the first amended complaint and respectfully refer the Court to the cited article for its full content and context.

100. Deny the allegations set forth in paragraph "100" of the first amended complaint and respectfully refer the Court to the cited article and case for their full content and context.

101. Deny the allegations set forth in paragraph "101" of the first amended complaint.

102. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "102" of the first amended complaint and respectfully refer the Court to the cited case for its full content and context.

103. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "103" of the first amended complaint, and respectfully refer the Court to the cited report for its full content and context.

104. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "104" of the first amended complaint.

105. Deny the allegations set forth in paragraph "101" of the first amended complaint.

106. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "106" of the first amended complaint, and respectfully refer the Court to the cited case for its full content and context.

107. Deny the allegations set forth in paragraph "107" of the first amended complaint.

108. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "108" of the first amended complaint.

109. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "109" of the first amended complaint, and respectfully refer the Court to the cited report for its full content and context.

110. Deny the allegations set forth in paragraph "110" of the first amended complaint.

111. Deny the allegations set forth in paragraph "111" of the first amended complaint.

112. Deny the allegations set forth in paragraph "112" of the first amended complaint.

113. Deny the allegations set forth in paragraph "113" of the first amended complaint.

114. Deny the allegations set forth in paragraph "114" of the first amended complaint.

115. Deny the allegations set forth in paragraph "115" of the first amended complaint.

116. Deny the allegations set forth in paragraph "116" of the first amended complaint.

117. Deny the allegations set forth in paragraph "117" of the first amended complaint.

118. Deny the allegations set forth in paragraph "118" of the first amended complaint.

119. Deny the allegations set forth in paragraph "119" of the first amended complaint.

120. Deny the allegations set forth in paragraph "120" of the first amended complaint.

121. Deny the allegations set forth in paragraph "110" of the first amended complaint, except admit that Plaintiff was arrested on the date alleged in the first amended complaint.

122. Deny the allegations set forth in paragraph "122" of the first amended complaint.

123. Deny the allegations set forth in paragraph "123" of the first amended complaint.

124. Deny the allegations set forth in paragraph "124" of the first amended complaint.

125. Deny the allegations set forth in paragraph "125" of the first amended complaint.

126. Deny the allegations set forth in paragraph "126" of the first amended complaint.

127. Deny the allegations set forth in paragraph "127" of the first amended complaint.

128. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "128" of the first amended complaint.

129. Deny the allegations set forth in paragraph "129" of the first amended complaint.

130. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "130" of the first amended complaint.

131. Deny the allegations set forth in paragraph "131" of the first amended complaint.

132. Deny the allegations set forth in paragraph "132" of the first amended complaint.

133. Deny the allegations set forth in paragraph "133" of the first amended complaint.

134. Deny the allegations set forth in paragraph "134" of the first amended complaint.

135. Deny the allegations set forth in paragraph "135" of the first amended complaint.

136. Deny the allegations set forth in paragraph "136" of the first amended complaint.

137. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "137" of the first amended complaint.

138. Deny the allegations set forth in paragraph "138" of the first amended complaint.

139. Deny the allegations set forth in paragraph "139" of the first amended complaint.

140. Respectfully refer the Court to the cited report for its full content and context.

141. Deny the allegations set forth in paragraph "141" and respectfully refer the Court to the cited report for its full content and context.

142. Deny the allegations set forth in paragraph "142" and respectfully refer the Court to the cited report for its full content and context.

143. Respectfully refer the Court to the cited report for its full content and context.

144. Deny the allegations set forth in paragraph "144" and respectfully refer the Court to the cited report for its full content and context.

145. Deny the allegations set forth in paragraph "145" and respectfully refer the Court to the cited report for its full content and context.

146. Deny the allegations set forth in paragraph "146" and respectfully refer the Court to the cited report for its full content and context.

147. Deny the allegations set forth in paragraph "147" and respectfully refer the Court to the cited report for its full content and context.

148. Deny the allegations set forth in paragraph "148" and respectfully refer the Court to the cited report for its full content and context.

149. Deny the allegations set forth in paragraph "149," and respectfully refer the Court to the cited report for its full content and context.

150. Deny the allegations set forth in paragraph "150" and respectfully refer the Court to the cited report for its full content and context.

151. Deny the allegations set forth in paragraph "151" and respectfully refer the Court to the cited report for its full content and context.

152. Deny the allegations set forth in paragraph "152" and respectfully refer the Court to the cited report for its full content and context.

153. Deny the allegations set forth in paragraph "153" of the first amended complaint.

154. Deny the allegations set forth in paragraph "154" of the first amended complaint.

155. Deny the allegations set forth in paragraph "155" of the first amended complaint.

156. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "156" of the first amended complaint.

157. Deny the allegations set forth in paragraph "157" of the first amended complaint.

158. Deny the allegations set forth in paragraph "158" of the first amended complaint.

159. Deny the allegations set forth in paragraph "159" of the first amended complaint.

160. Deny the allegations set forth in paragraph "160" of the first amended complaint.

161. Deny the allegations set forth in paragraph "161" of the first amended complaint.

162. Deny the allegations set forth in paragraph "162" of the first amended complaint.

163. Deny the allegations set forth in paragraph "163" of the first amended complaint.

164. Deny the allegations set forth in paragraph "164" of the first amended complaint.

165. Deny the allegations set forth in paragraph "165" of the first amended complaint.
166. Deny the allegations set forth in paragraph "166" of the first amended complaint.
167. Deny the allegations set forth in paragraph "167" of the first amended complaint.
168. Deny the allegations set forth in paragraph "168" of the first amended complaint.
169. Deny the allegations set forth in paragraph "169" of the first amended complaint.
170. Deny the allegations set forth in paragraph "170" of the first amended complaint.
171. Deny the allegations set forth in paragraph "171" of the first amended complaint.
172. Deny the allegations set forth in paragraph "172" of the first amended complaint.
173. Deny the allegations set forth in paragraph "173" of the first amended complaint.
174. Deny the allegations set forth in paragraph "174" of the first amended complaint.
175. Deny the allegations set forth in paragraph "175" of the first amended complaint.
176. Deny the allegations set forth in paragraph "176" of the first amended complaint.
177. Deny the allegations set forth in paragraph "177" of the first amended complaint.
178. Deny the allegations set forth in paragraph "178" of the first amended complaint.
179. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "179" of the first amended complaint.
180. Deny the allegations set forth in paragraph "180" of the first amended complaint.
181. Deny the allegations set forth in paragraph "181" of the first amended complaint.
182. Deny the allegations set forth in paragraph "182" of the first amended complaint.
183. Deny the allegations set forth in paragraph "183" of the first amended complaint.
184. Deny the allegations set forth in paragraph "184" of the first amended complaint.
185. Deny the allegations set forth in paragraph "185" of the first amended complaint.
186. Deny the allegations set forth in paragraph "186" of the first amended complaint.

187. Deny the allegations set forth in paragraph "187" of the first amended complaint.
188. Deny the allegations set forth in paragraph "188" of the first amended complaint.
189. Deny the allegations set forth in paragraph "189" of the first amended complaint.
190. Deny the allegations set forth in paragraph "190" of the first amended complaint.
191. Deny the allegations set forth in paragraph "191" of the first amended complaint.
192. Deny the allegations set forth in paragraph "192" of the first amended complaint.
193. Deny the allegations set forth in paragraph "193" of the first amended complaint.
194. Deny the allegations set forth in paragraph "194" of the first amended complaint.
195. Deny the allegations set forth in paragraph "195" of the first amended complaint.
196. Deny the allegations set forth in paragraph "196" of the first amended complaint.
197. Deny the allegations set forth in paragraph "197" of the first amended complaint.
198. Deny the allegations set forth in paragraph "198" of the first amended complaint.
199. Deny the allegations set forth in paragraph "199" of the first amended complaint.
200. Deny the allegations set forth in paragraph "200" of the first amended complaint.
201. Deny the allegations set forth in paragraph "201" of the first amended complaint.
202. Deny the allegations set forth in paragraph "202" of the first amended complaint.
203. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "203" of the first amended complaint.
204. Deny the allegations set forth in paragraph "204" of the first amended complaint.
205. Deny the allegations set forth in paragraph "205" of the first amended complaint.
206. Deny the allegations set forth in paragraph "206" of the first amended complaint.
207. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "207" of the first amended complaint.

208. Deny the allegations set forth in paragraph "208" of the first amended complaint.

209. Deny the allegations set forth in paragraph "209" of the first amended complaint.

210. Deny the allegations set forth in paragraph "210" of the first amended complaint.

211. Deny the allegations set forth in paragraph "211" of the first amended complaint.

212. Deny the allegations set forth in paragraph "212" of the first amended complaint.

213. Deny the allegations set forth in paragraph "213" of the first amended complaint.

214. Deny the allegations set forth in paragraph "214" of the first amended complaint.

215. Deny the allegations set forth in paragraph "215" of the first amended complaint in so far as it contains averments of fact; insofar as this paragraph contains conclusion of law, no response is required.

216. Deny the allegations set forth in paragraph "216" of the first amended complaint in so far as it contains averments of fact; insofar as this paragraph contains conclusion of law, no response is required.

217. Deny the allegations set forth in paragraph "217" of the first amended complaint in so far as it contains averments of fact; insofar as this paragraph contains conclusion of law, no response is required.

218. Deny the allegations set forth in paragraph "218" of the first amended complaint in so far as it contains averments of fact; insofar as this paragraph contains conclusion of law, no response is required.

219. Deny the allegations set forth in paragraph "219" of the first amended complaint in so far as it contains averments of fact; insofar as this paragraph contains conclusion of law, no response is required.

220. Deny the allegations set forth in paragraph "220" of the first amended complaint in so far as it contains averments of fact; insofar as this paragraph contains conclusion of law, no response is required.

221. Deny the allegations set forth in paragraph "221" of the first amended complaint in so far as it contains averments of fact; insofar as this paragraph contains conclusion of law, no response is required.

222. Deny the allegations set forth in paragraph "222" of the first amended complaint in so far as it contains averments of fact; insofar as this paragraph contains conclusion of law, no response is required.

223. Deny the allegations set forth in paragraph "223" of the first amended complaint in so far as it contains averments of fact; insofar as this paragraph contains conclusion of law, no response is required.

224. Deny the allegations set forth in paragraph "224" of the first amended complaint in so far as it contains averments of fact; insofar as this paragraph contains conclusion of law, no response is required.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

225. The first amended complaint fails to state a claim upon which relief can be granted because there was probable cause to arrest Plaintiff on June 4, 2020.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

226. Any injury alleged to have been sustained resulted from plaintiff's own culpable, negligent, or intervening conduct, or the intervening conduct of third parties, and was not the proximate result of any act of the defendants.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

227. Defendants have not violated any rights, privileges, or immunities under the Constitution or laws of the United States, the State of New York, or any political subdivision thereof, or any act of Congress providing for the protection of civil rights because there was probable cause to arrest Plaintiff on June 4, 2020.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

228. Defendants City of New York, de Blasio, Shea, and Monahan have not violated any rights, privileges or immunities under the Constitution or laws of the United State or the State of New York or any political subdivision thereof, nor have defendants City, de Blasio, Shea, and Monahan violated any act of Congress providing for the protection of civil rights.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:**

229. To the extent any force was used, such force was reasonable, justified, and necessary to accomplish official duties and to protect the officers' own physical safety and the safety of others.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:**

230. Punitive damages cannot be assessed against defendant City.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:**

231. Plaintiff provoked any incident on June 4, 2020.

**AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE:**

232. Plaintiff may have failed to mitigate their alleged damages.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE:**

233. Plaintiffs have failed to state a claim under Monell v. Dep't of Social Services, 436 U.S. 658 (1978).

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE:**

234. At all times relevant to the acts alleged in the complaint, defendants de Blasio, Shea, and Monahan, and Husbands acted reasonably in the proper and lawful exercise of their discretion. Therefore, they are entitled to immunity on state law claims.

**AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE:**

235. At all times relevant to the acts alleged in the complaint, the duties and functions of the municipal defendant officials entailed the reasonable exercise of proper and lawful discretion. Therefore, defendant City is entitled to governmental immunity from liability under New York common law.

**AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE:**

236. Any claims arising under New York State law may be barred, in whole or in part, by reason of plaintiff's failure to comply with the requirements of the N.Y. GEN. MUN. LAW § 50-(e), (h) and/or (i).

**AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE:**

237. Plaintiffs' claims may be barred, in whole or in part, by their own contributory and comparative negligence and by assumption of risk.

**WHEREFORE,** defendants City, Bill de Blasio, Dermot Shea, Terance Monahan, and Aaron Husbands respectfully request that the first amended complaint be dismissed in its entirety, that the court enter judgment for defendants, and that defendants be granted costs, fees, and disbursements together with such other and further relief as the Court deems just and proper.

Dated:      New York, New York
            March 17, 2022

                                                          **GEORGIA M. PESTANA**
                                                          Corporation Counsel of the
                                                            City of New York
                                                          *Attorney for Defendants City, Bill de Blasio,*
                                                          *Dermot Shea, Terance Monahan and Aaron*
                                                          *Husbands*
                                                          100 Church Street,
                                                          New York, N.Y. 10007
                                                          212-356-3518
                                                          arobinso@law.nyc.gov


                                                     By: *Amy Robinson /s*
                                                          Amy Robinson
                                                          Senior Counsel
                                                          Special Federal Litigation Division


cc:         **BY ECF**
            Gideon Orion Oliver
            277 Broadway, Suite 1501
            New York, New York 10007

            -and-

            Elena L. Cohen
            J. Remy Green
            Jessica Massimi
            1639 Centre Street, Suite 216
            Ridgewood (Queens), New York 11385